HODGES & SPAULDING v. ELI S. GATES.

Rutland,
January,
1837.

A person in possession of land, by conveying his interest to another, becomes tenant to that other, so long as he retains possession, and the grantee, as landlord, is liable to ejectment by a third person.

This was an action of ejectment for a lot of land in Sherburne. Upon the trial in the County Court, the plaintiff, having proved his title, read in evidence a deed to the defendant from Abel F. Daine dated 16th Dec. 1834. It appeared that said Abel F. Daine, was to have the use of the land for one year after the date of the deed.

To prove possession, the plaintiff called Rufus Richardson, who testified that Daine left the possession of the land in question, in May, 1835 ; that he, (Richardson,) proposed to purchase the growing crops of said Daine, but declined doing so, until he could ascertain whether the defendant had any claim upon them or not, and, for that purpose, Daine procured the following certificate, in writing, from the defendant, that he had no such claim.

" May 6, 1835. This may certify that I have no claim on the grass nor grain on the lot of land, that I bought of Abel F. Daine, in Sherburne. It is the same land, that Abel F. Daine had of

James Daine, and I agreed that said Abel should have the use of the farm this year. (Signed) ELI S. GATES."

Upon the receipt of this certificate, Richardson purchased the crops of the said Abel, and cut the grain and grass for that year.

The plaintiffs' title was admitted.

Upon this evidence, the counsel for the defendant requested the Court to charge the Jury, that the evidence was insufficient to prove the defendant in possession by his tenant, Daine. But the Court refused so to charge them, but did charge them, in substance, that if they believed the evidence, it was sufficient to prove the defendant in possession, and, thereupon, the Jury returned a verdict for the plaintiffs. To this charge of the Court the defendant excepted.

*A. W. Broughton, for defendant.*

The plaintiff must show defendant in actual possession, at the time of issuing the writ. *Skinner & Hurd v. McDaniel,* 4 Vt. Rep. 418. 2 Stark. Ev. 540. 1 Wils. Rep. 220, 1 B. & P. Rep. 573. 7 T. R. 327.

————————, *for plaintiff.*

The instructions of the County Court to the Jury, that the evidence, introduced by the plaintiff, was sufficient to prove the defendant in possession of the premises, were correct.

1st, Because the defendant receiving a deed from Abel F. Daine, with an agreement between Daine and him, constituted Daine a tenant under the defendant.

2nd, Because the certificate, signed by the defendant to Richardson, shews that the defendant held and exercised a control over the premises and the growing crops.

Richardson, in effect, acted under the defendant, and by his license, in cutting the grain and grass.

The defendant's title, by his deed from Daine, with those acts, was a sufficient possession, on the part of the defendant, to make him a party to the suit.

The opinion of the court was delivered by

PHELPS, J. The only question in this case is, whether the defendant was in possession of the demanded premises, in such sense, as to subject him to the action of ejectment. It appears that one Daine was, in fact, in possession, who had previously conveyed his right in the premises to the defendant, with an agreement that he (Daine) should retain the use and occupancy of the land for one year.

Rutland,
January,
1837.

Hodges &
Spaulding
v.
Gates.

It is very clear, that Daine, by this arrangement, became the tenant of Gates, the defendant, and, under our statute, requiring the landlord to be joined with the tenant, an ejectment could not be sustained against Daine alone. It would be absurd to hold, that, under these circumstances, the action would not lie.

Judgment affirmed.